**VIDYA DHAR SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–76582, 06–71644.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Vidya Dhar Singh petitions for review of two orders of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals ("BIA"), one dismissing his appeal from an immigration judge's decision denying Singh asylum and withholding of removal, and the other denying his motion to re-open. We have jurisdiction under 8 U.S.C. § 1252, and deny the petitions for review.

 Reviewing for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), we conclude that the record does not compel reversal of the agency's determination that Singh did not meet his burden of proving past persecution on account of a protected ground by describing incidents of religious harassment and a minor injury following a political meeting. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)). Nor are we compelled to conclude that Singh has a well-founded fear of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir.2006) (requiring "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution" (internal quotation marks and citation omitted)).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

 Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we also conclude that the BIA acted within its discretion in denying Singh's motion to reopen because it did not present a prima facie case of eligibility for adjustment of status. *See Fernandez v.*

*Gonzales*, 439 F.3d 592, 600 n. 6 (9th Cir. 2006).

**PETITIONS FOR REVIEW DENIED.**